

JUN 1 2000

CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA

THE UNITED STATES OF AMERICA,

Plaintiff,

v.

DAY COUNTY, SOUTH DAKOTA; DAY COUNTY COMMISSION; LEONARD NAESSIG, LINDA WALTERS, ORVILLE HASELHORST, DARRYL HILLDEBRANT, and DOUG SMEINS each in his official capacity as Day County Commissioner; ENEMY SWIM SANITARY DISTRICT; THOMAS KNUTSON, DAVID BENIKE, and RAYMOND FOSTER, each in his official capacity as Enemy Swim Sanitary District Trustee,

Defendants.

No. CV-99-1024

**AMENDED CONSENT JUDGMENT AND DECREE BETWEEN THE UNITED STATES AND DEFENDANTS DAY COUNTY, DAY COUNTY COMMISSION, AND INDIVIDUAL COMMISSIONERS**

The United States of America filed this action to enforce 42 U.S.C. 1971(a)(1), 1971(a)(2)(A), 1971(c), Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973 and 1973j(d), and rights guaranteed by the Fourteenth and Fifteenth Amendments to the United States Constitution. The Complaint alleges that Native Americans have been intentionally excluded from the Enemy Swim Sanitary District, thereby denying

them the opportunity to participate in the electoral process of the sanitary district.

The United States and the Defendant Day County, Defendant Day County Commission, and Defendants Leonard Naessig, Linda Walters, Doug Smeins, Orville Hasslehorst, and Darrell Hilldebrant (collectively hereinafter referred to as "Day County Defendants"), through their counsel, have conferred and agree that this action should be settled without litigation.

On May 14, 1999 this Court entered a consent decree between the Day County Defendants and the United States. The United States has recently entered into a consent decree with the Enemy Swim Sanitary District Defendants that dissolves the existing sanitary district. Day County Defendants and the United States now submit this amended consent judgment and decree to remedy the violation of federal law by providing for the incorporation of a nondiscriminatory sanitary district at Enemy Swim Lake. Accordingly, the parties enter into the following agreement as an appropriate resolution of this action.

FACTUAL STIPULATION OF THE PARTIES

1. Defendant Day County is a political and geographical subdivision of the State of South Dakota and exists under the laws of that state.

2. Defendant Day County Commission is the governing body of Day County, established under the laws of the State of South

Dakota. The commission is responsible for exercising the powers inherent in conducting county business including the approval for incorporating sanitary districts located in the county.

3. Defendants Leonard Naessig, Linda Walters, Doug Smeins, Orville Hasslehorst, and Darrell Hilldebrant are the duly elected members of the Day County Commission.

4. A sanitary district is a governmental subdivision of South Dakota and a public body, corporate and politic. Sanitary districts have the power to construct and operate storm sewers, sanitary sewers, and waste disposal systems. Enemy Swim Sanitary District is governed by a board of three trustees who are elected at-large and serve three-year staggered terms. South Dakota Codified Laws ("SDCL") 34A-5-1 to 34A-5-56.

5. Under South Dakota law, the Day County Commission is required to receive requests to incorporate a sanitary district within the boundaries of Day County and shall make an order declaring that with the assent of the voters, the territory shall become an incorporated sanitary district "if the board shall be satisfied that the requirements of this chapter have been fully complied with." SDCL 34A-5-7 (1997). The South Dakota statute lists the following requirements for establishing a sanitary district: 1) a survey and map of the proposed district must be made (SDCL 34A-5-3); 2) a census of

the residents and "qualified voters" must be taken (SDCL 34A-5-4); 3) the survey, map and census must be made available for public examination (SDCL 34A-5-5); and 4) one-third of the qualified voters residing within the proposed sanitary district must sign a petition requesting incorporation of the sanitary district (SDCL 34A-5-6).

6. The boundaries of Enemy Swim Sanitary District are comprised of several noncontiguous pieces of land around Enemy Swim Lake and Campbell Slough -- approximately thirteen percent of the land around these two lakes. None of the land owners or residents are Native American.

7. In February 1992, a petition was submitted to the Day County Commission requesting incorporation of a sanitary district; the boundaries of the proposed district included all lakefront property of Enemy Swim Lake and Campbell Slough, including land owned and held in trust for Native Americans. After a one year delay, the Day County States Attorney determined that the petition met all of the South Dakota statute's requirements regarding the establishment of a sanitary district (South Dakota Codified Laws ("SDCL") 34A-5-1 to 34A-5-56), with one exception; the petitioners had not demonstrated that there was a menace to Enemy Swim Lake as required by SDCL 34A-5-1. The Day County Commissioners requested that a hearing be held to determine if there was a menace to the lake. A hearing was scheduled for June 1993.

8. In May 1993, the Day County States Attorney wrote, that "if in fact the Commissioners are satisfied that the requirements of the statute have been met, including the issue of `potential menace', it's my position and recommendation to the Commissioners that they have no choice but to sign an order incorporating the district and scheduling the election." See Exhibit A.

9. There was significant opposition from some residents of the Enemy Swim Lake area to the February 1992 petition because it included Native American residents within the boundaries of the sanitary district. Prior to the June 1993 hearing, attorneys for the persons opposing the district met with the commissioners and suggested that lack of jurisdiction over tribal lands should prevent the commissioners from including those lands in the sanitary district.

10. The Day County States Attorney rejected this reasoning by explaining that the jurisdictional issue was not the concern of the County and was not a reason to fail to incorporate the district. See Exhibit A.

11. In June 1993, Defendant Day County Commission held a hearing to determine if there was a menace to Enemy Swim Lake. The Commission determined that there was a menace to the lake, but the Commission failed to approve the petition. Instead, the Commission held the petition in abeyance until people

opposing the February 1992 petition could submit their own sanitary district boundaries.

12. On July 27, 1993, the Day County Commissioners approved the incorporation of a different sanitary district, the Defendant Enemy Swim Sanitary District. The petition for incorporation of the Enemy Swim Sanitary District expressly excluded from the boundaries of the sanitary district land owned by or held in trust for Native Americans. The Commissioners declined to approve the February 1992 petition which would have included all land around the lake because of "tribal jurisdictional issues."

13. Day County Defendants understood that the purpose and effect of the July 27, 1993 petition incorporating the Enemy Swim Sanitary District was to exclude Native American Tribal and Trust land from the sanitary district.

14. In August 1992, residents of the Pickerel Lake area sought to incorporate a sanitary district, and the boundaries of the district included a small number of Native American residents. There was no opposition to including the Native American residents in the district. On September 8, 1992, Defendant Day County Commission approved the incorporation of the Pickerel Lake Sanitary District which includes Native American voters and Native American or tribal-owned lands.

15. On May 27, 2000, the trustees of the Enemy Swim Sanitary District agreed that the current sanitary district violated federal law as presently comprised and agreed to dissolve the sanitary district as part of a settlement of United States v. Day County, et. al., CV-99-1024. That agreement is attached as Exhibit B.

Accordingly, the following is hereby ORDERED, ADJUDGED AND DECREED:

1) This Court has jurisdiction over this action pursuant to 42 U.S.C. 1971(d), 42 U.S.C. 1973j(f), and 28 U.S.C. 1345;

2) The Enemy Swim Sanitary District as presently comprised violates 42 U.S.C. 1971(a)(1), 1971(a)(2)(A), Section 2 of the Voting Rights Act, 42 U.S.C. 1973, and the guarantees of the Fourteenth and Fifteenth Amendments of the United States Constitution;

3) Day County Defendants, their successors in office, their agents and all persons acting in concert with them, are permanently enjoined from incorporating a sanitary district around and near Enemy Swim Lake and Campbell Slough that excludes Native Americans from voting and otherwise participating in the sanitary district on account of race or color;

4) A new sanitary district, to be referred to as "the Enemy Swim Sanitation District," is hereby incorporated. This new district includes Indian and non-Indian land around and

near Enemy Swim Lake and Campbell Slough, including the Village of Enemy Swim. The boundaries of this new district, as agreed to by the parties, are set forth in Exhibit C;

5) In order to ensure compliance with the terms of this consent judgment and decree, this Court shall retain jurisdiction over this matter until one year after entry of this order.

Entered this 16th day of June 2000.

The Honorable Richard H. Battey
United States District Judge

ATTORNEYS FOR THE UNITED STATES:

TED L. McBRIDE
United States Attorney
District of South Dakota

JOSEPH D. RICH
REBECCA J. WERTZ
TIMOTHY F. MELLETT
MICHAEL A. ZWIBELMAN
Attorneys, Voting Section
Civil Rights Division
Department of Justice
P.O. Box 66128
Washington, D.C. 20035-6128
(202) 307-6262

ATTORNEY FOR DEFENDANTS:

JACK HIEB
Day County States Attorney
710 West First Street
Webster, South Dakota 57274